Our File No. 400397

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| J.B., an infant by his Mother and Natural Guardian, TAMARA PEIROVA, and TAMARA PEIROVA, Individually, | : | |
| Plaintiffs, | : | Docket No.: |
| -against- | : | |
| YRC, INC., NEW PENN MOTOR EXPRESS, INC., AND RAYMOND PINEIRO GRACI, | : | |
| Defendants. | : | |

**NOTICE OF REMOVAL**

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK:

Defendants, YRC Inc. and New Penn Motor Express LLC (incorrectly named in the complaint as "New Penn Motor Express, Inc."), by and through their attorneys, Salmon Ricchezza Singer & Turchi, LLP, respectfully aver as follows:

1. At all material times, plaintiff, Tamara Peirova, was and is a citizen of the State of New York (See Exhibit "A"- Complaint).

2. At all material times, infant plaintiff, "J.B.," was and is a citizen of the State of New York (See Exhibit "A" - Complaint).

3. At all material times, defendant, Raymond Pineiro Garcia (incorrectly named in the Complaint as "Raymond Pineiro Graci") was and is a citizen of the State of New Jersey.

4. At all material times, defendant, YRC Inc., is a corporation organized under the laws of the State of Delaware with its principal place of business at 10990 Roe Avenue, Overland Park, Kansas.

5. At all material times, defendant, New Penn Motor Express LLC (incorrectly named in the Complaint as "New Penn Motor Express, Inc.") is a limited liability company organized under the laws of the State of Delaware with its principal place of business at 10990 Roe Avenue, Overland Park, Kansas.

6. The sole member of New Penn Motor Express LLC is Yellow Corporation (f/k/a YRC Worldwide Inc.), a corporation organized under the laws of the State of Delaware with its principal place of business at 10990 Roe Avenue, Overland Park, Kansas.

7. Plaintiff commenced a civil action against defendant in the Supreme Court of the State of New York, County of Queens, on or about May 9, 2022. On or about May 17, 2022, defendants YRC Inc. and New Penn, received Plaintiff's Summons and Complaint.

8. As this removal is being filed within thirty (30) days of the date defendants, YRC Inc. and New Penn, received noticed of plaintiff's Summons and Complaint, this removal petition is timely filed pursuant to 28 U.S.C. § 1446(b).

9. Upon information and belief, defendant, Raymond Garcia has not been served with a copy of the Complaint. However, through counsel herein, defendant, Raymond Garcia consents to removal pursuant to 28 U.S.C. § 1446.

10. First, Plaintiff's Complaint alleges:

> Infant Plaintiff, J.B., was caused to suffer severe and serious personal injuries to mind and body, and further, that the infant plaintiff, was subjected to great physical pain and mental anguish.
>
> As a result of the foregoing, the infant plaintiff, J.B., sustained serious injuries as defined in Section 5102(d) of the Insurance Law of the State of New York, and/or economic loss greater than basic economic loss as defined in Section 5102(a) of the Insurance Law of the State of New York. (Exhibit A).

11. Second, plaintiff, Tamara Peirova, further alleges a claim for loss of consortium in an amount exceeding the jurisdictional limits of all lower courts (Exhibit A).

12. Third, according to plaintiffs' counsel, infant plaintiff J.B. underwent right knee surgery as a result of the accident and has been recommended for hip surgery.

13. Fourth, plaintiffs' pre-suit settlement demand was $650,000.

14. Accordingly, plaintiffs have set forth a claim in which the amount in controversy is in excess of the federal jurisdictional threshold of $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. § 1332.

15. Diversity of citizenship within the meaning of 28 U.S.C. §1332 exists between plaintiff and defendants because:

(a) Plaintiffs, Tamara Peirova and infant plaintiff, J.B., was and were at all relevant times citizens of the State of New York.

(b) Defendant, Raymond Garcia was and is a citizen of the State of New Jersey.

(c) YRC Inc. was and is a Delaware corporation with its principal place of business in Kansas; and,

(d) New Penn is a Delaware limited liability company with its principal place of business in Kansas, whose sole member is Yellow Corp., a Delaware Corporation with its principal place of business in Kansas.

16. Furthermore, diversity of citizenship existed at the time the action sought to be removed was commenced and continues through the time of filing of this notice, such that defendants are entitled to removal pursuant to 28 U.S.C. §1441 as amended, and 28 U.S.C. §1446.

**WHEREFORE**, Defendants, YRC Inc. and New Penn Motor Express LLC (incorrectly named in the complaint as "New Penn Motor Express, Inc."), herein prays that the above captioned action now pending in the Supreme Court, Queens County, be removed therefrom to this Honorable Court.

SALMON RICCHEZZA SINGER & TURCHI LLP

By: */s/ Jeffrey A. Segal*

Jeffrey A. Segal, Esquire
Ian T. Kingsley, Esquire
110 East 59th Street
22nd Floor
New York, NY 10022
(646) 432-5508
Attorneys for Defendant
YRC Inc. and New Penn Motor Express LLC
(incorrectly named in the complaint as "New Penn Motor Express, Inc.")